**GOYA FOODS, INCORPORATED, d/b/a Goya Foods of Florida, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 07–1398, 07–1471.

United States Court of Appeals, District of Columbia Circuit.

Oct. 29, 2008.

James Chumley Crosland, David Clayton Miller, Bryant Miller Olive, Miami, FL, Carlos G. Ortiz, Goya Foods, Inc., Secaucus, NJ, for Petitioner.

Linda Dreeben, Deputy Assistant General Counsel, John H. Ferguson, Assistant General Counsel, Mackenzie Fillow, Fred Barry Jacob, Esq., Attorney, Ronald E. Meisburg, National Labor Relations Board, Washington, DC, for Respondent.

Before: GRIFFITH, Circuit Judge, and EDWARDS and WILLIAMS, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("Board") and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED**, by this Court, that the petition for review is hereby denied, and the Board's cross-application for enforcement is granted essentially for the reasons stated by the Board.

The Board found that the employer took unilateral actions with respect to mandatory subjects of bargaining without giving the union notice and an opportunity to bargain. These acts were found to violate sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act. The company did not meet its burden of showing that the disputed actions adequately conformed to practices defining the status quo ante. *See Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R. v. NLRB,* 414 F.3d 158, 166 (1st Cir.2005); *see also Adair Standish Corp. v. NLRB,* 912 F.2d 854, 864 (6th Cir.1990) ("[The employer] argues that the postelection policy amounted to nothing more than a permissible 'continuation of the status quo....' This argument unjustifiably presumes that the company's lay-off practice prior to the election was systematic, as opposed to sporadic. Here ... the layoffs were 'unpredictably episodic' as well as '*ad hoc* and highly discretionary[.]' Thus, the *Katz* exception for practices which are 'mere continuation[s] of the status quo' has no application in this case.") (internal citations omitted); *City Cab Co. of Orlando, Inc. v. NLRB,* 787 F.2d 1475, 1478 (11th Cir.1986) ("The burden is on the employer to show that [uni-lateral] changes" are consistent with the status quo.).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.Cir. Rule 41.